LAW OFFICES OF
MINIAT & WILSON, L.P.C.
550 West Ina Road, Suite 101
Tucson, Arizona 85704
Tel: (520) 742-1177
Fax: (877) 399-4343; E-mail: km@minwil.com
Firm No. 00235500
Kevin E. Miniat – State Bar No. 004329
PCC No. 39460
Attorneys for Plaintiff Natalie Figueroa

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| Natalie Figueroa,<br><br>           Plaintiff,<br><br>v.<br><br>Gannett Co. Inc., Corporation; and TNI Partners dba Arizona Daily Star; XYZ Entities and Individuals Fictitiously Named,<br><br>           Defendants. | Case No. 4:19-CV-00022-CKJ<br><br>**PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION**<br><br>Assigned to:  Judge Eric Markovich |
|---|---|

Plaintiff objects to the following determinations.

### I. FINDING THAT NATALIE IS DISABLED WITHIN THE MEANING OF ADA:

Plaintiff has the burden to prove this element.  *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2014).  Natalie proved this claim by attaching the comprehensive medical assessment from John Beghin, M.D. [Exhibit 5, attached to Plaintiffs Reply]. Defendants denied this allegation in their Answer and their response to the Request for Admissions.  [Exhibit 9, attached to Plaintiff's Reply].  But, Defendants' MSJ Opposition failed to respond or oppose Plaintiff's allegation concerning this element.  For this reason, the court should grant summary judgment on Natalie's claim to be impaired as to major life activities in comparison to the general population. In addition, since Defendants wrongfully denied the allegation and wrongfully refused to admit the request for admissions, the court should order Defendants to pay attorney's fees.

1

## II.  FAILURE OF DEFENDANT TO ENGAGE WITH PLAINTIFF IN INTERACTIVE PROCESS:

*Barnett v. U.S. Airways, Inc*., 228 F.3d 1105 (9th Cir. 2000) imposed specific mandates on the Newspaper to explore accommodations which could allow Natalie back to work.

> The interactive process requires employers to analyze job functions to establish the essential and non-essential job tasks in order to identify the barriers to job performance, employers ***must consult*** and cooperate with disabled employees so that both parties can discover the precise limitations and the types of accommodations, which would be most effective.  The evaluation of proposed accommodations requires further dialogue and an assessment of the effectiveness of each accommodation in terms of enabling the employee to successfully perform the job.  See 29 C.F.R. PT. 1630 App. S 1630.9.  *Barnett, supra* at 1115 [emphasis added].

The obligation to engage directly with Natalie about the essential functions and her ability to perform her duties is central to the entire process.  *Dunlop v. Liberty National Prods, Inc.,* 878 F.3d at 79 (9th Cir. 2017).  Yet, in Natalie's case, neither Ms. Cote nor Mr. Lundgren ever consulted with Natalie about her return.  In Plaintiff's SOF 6 (Plaintiff's MSJ) Natalie affirmed that at no time during the process did anyone discuss her limitations or the essential functions of her job.  In response, the Newspaper claims that Lisa Cotes' behind the scenes communication with Rincon Medical to delete all clerical work restrictions satisfied her interactive process obligation.  [Defendants SOF 6 in Opposition to Plaintiff's MSJ].  However, improperly contacting Rincon Medical without any notice to Natalie cannot possibly constitute the kind of consultation and cooperation required by the interactive process regulations.  Additionally, no one at the Newspaper ever evaluated the 'essential and non-essential functions' of Natalie's job.  Ms. Cote did nothing more than obtain the written job description of a design production technician and fax that to Rincon Medical.  At no time did anyone from the Newspaper analyze which responsibilities and duties listed were essential.  The failure to consult

with Natalie about the range of possible accommodations and what essential functions existed in the position conclusively violated the interactive process requirements.

Plaintiff urges the court to determine that coaxing Natalie's doctor to delete all restrictions applying to clerical work without notice to Natalie does not legally meet the requirement to consult with the injured worker.  Further, the failure to evaluate and consult with Natalie about essential functions of her job failed to meet the interactive process requirement.  For this reason, Plaintiff urges the court to find these failures establish a breach of Defendants' mandate to engage in the interactive process with Natalie to return her to work.

RESPECTFULLY SUBMITTED,

Dated this 21st day of August, 2020.

MINIAT & WILSON, L.P.C.

By:   /s/ *Kevin E. Miniat*
Kevin E. Miniat
Attorney for Plaintiff, Natalie Figueroa

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2020, I served the foregoing document to the following individuals via e-mail:

bholtzman@mcrazlaw.com
Barney M. Holtzman
Mesch, Clark & Rothschild
259 N. Meyer Ave.
Tucson, AZ  85701

CGluek@frantzward.com
ACleves@frantzward.com
Carl H. Gluek
Andrew J. Cleves
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, OH  44114
Attorneys for Defendants Gannett Co. Inc.
and TNI Partners dba Arizona Daily Star

*/s/ Kevin E. Miniats*