**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Natalie Figueroa,

    Plaintiff,

vs.

Gannett Company Incorporated, et al.,

    Defendants.

No. CIV 19-022-TUC-CKJ

ORDER

Pending before the Court are the Motion for Summary Judgment ("DMSJ") (Doc. 45) filed by Defendants Gannett Company Incorporated and TNI Partners ("Gannett") and the Motion for Summary Judgment ("PMSJ") (Doc. 48) filed by Plaintiff Natalie Figueroa ("Figueroa"). Responses (Docs. 52, 53, 54) and replies (Docs. 58, 59) have been filed. On August 11, 2020, Magistrate Judge Jacqueline M Rateau issued a Report and Recommendation ("R&R") in which she recommends the DMSJ be granted in part and denied in part and the PMSJ be denied. Objections (Docs. 71, 73) to the R&R and responses (Docs. 72, 75) have been filed.

Also pending before the Court is Figueroa's Motion to Supplement Plaintiff's Statement of Facts in Opposition to Defendant's MSJ and Plaintiff's Reply to Opposition to Plaintiff's MSJ (Doc. 74) and Motion to Strike (Doc. 75). A response and a reply have been filed as to the Motion to Supplement (Docs. 77, 79).

I. *Motion to Supplement Plaintiff's Statement of Facts in Opposition to Defendant's MSJ and Plaintiff's Reply to Opposition to Plaintiff's MSJ* (Doc. 74)

Figueroa seeks to include a performance appraisal of her job performance to supplement her Statement of Facts and her argument in her reply to Gannett's response to PMSJ. The applicable statute provides that, when considering a report and recommendation, a "judge may . . . receive further evidence." 28 U.S.C. § 636(a). The Ninth Circuit has stated:

> [A]ffording district courts discretion to consider new evidence makes prudential sense. The magistrate judge system was designed to alleviate the workload of district courts. *See* [*Paterson–Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir.1988)]. To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court. "Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." *Id.* at 991; *see also Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., Inc.*, 747 F.Supp. 1299, 1302 (S.D.Ill.1990). Equally important, requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging. "[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Paterson–Leitch Co.*, 840 F.2d at 991.

*United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000).

Gannett asserts it produced the performance evaluation in July 2018 to the Office of the Arizona Attorney General, Civil Rights Division, in connection with its investigation of Figueroa's charge of discrimination filed against Gannett and on February 14, 2019, to Figueroa in this case. However, Figueroa did not include the document in the summary judgment briefings filed in March and April of this year. Figueroa does not dispute this assertion.

Additionally, the parties dispute whether Gannett would be prejudiced by inclusion of this document. Figueroa asserts Gannett has provided no evidence of prejudice and points out the document only confirms testimony given by Figueroa. However, Figueroa also asserts in her Motion to Supplement that the exhibit confirms Gannett improperly failed to provide correct information to Rincon Medical.

Figueroa has not set forth any reason why she did not include this document in her

1  original summary judgment briefs.  The Court finds it is not appropriate to permit
2  supplementation of the record and will deny this motion.

4  II.  *Motion to Strike* (Doc. 75)
5       Figueroa requests Gannett's Objections be stricken for violating the page limitation
6  set forth in LRCiv 7.2(e)(3).  The Court previously granted Gannett's request to exceed the
7  page limitation and will deny this request as moot.

9  III.  *Standard of Review of Report and Recommendation*
10       The Court has reviewed the pending motions for summary judgment (Docs. 45, 48),
11  responses, and replies.  The Court has also reviewed the R&R (Doc. 68) and the Objections
12  (Docs. 71, 73) and responses.  The magistrate judge recommends the DMSJ be granted in
13  part and denied in part and the PMSJ be denied.
14       The standard of review that is applied to a magistrate judge's report and
15  recommendation is dependent upon whether a party files objections - the Court need not
16  review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140,
17  150 (1985). However, the Court must "determine de novo any part of the magistrate judge's
18  disposition that has been properly objected to.  The district judge may accept, reject, or
19  modify the recommended disposition; receive further evidence; or return the matter to the
20  magistrate judge with instruction." Fed.R.Civ.P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)
21  ("A judge of the court shall make a de novo determination of those portions of the report or
22  specified proposed findings or recommendations to which objection is made.").

24  IV.  *Background*
25       The magistrate judge summarized the factual and procedural history of this case. The
26  parties have not objected to this summary.  The Court adopts this portion of the R&R.

1  V. *Figueroa's Objections to Magistrate Judge's Report and Recommendation* (Doc. 71)

2        A.      Figueroa asserts the Court should grant summary judgment on Figueroa's
3  claim to be impaired as to major life activities in comparison to the general population.
4  Figueroa also requests the Court order Gannett to pay attorneys' fees because Gannett
5  wrongfully denied this allegation and refused to admit the request for admissions, but then
6  failed to respond or oppose this allegation.

7        Figueroa argues she proved this claim by attaching the comprehensive medical
8  assessment from John Beghin, M.D., and Gannett failed to respond or oppose this allegation.
9  Gannett asserts Figueroa, while raising arguments in support of her disability discrimination
10 claim, did not ask for such an affirmative ruling at the summary judgment stage. Based
11 upon the issues raised by the parties, the magistrate judge did not even need to address
12 Plaintiff's disability status.

13       Figueroa's Motion for Summary Judgment argued that she was disabled within the
14 meaning of the Americans with Disabilities Act ("ADA) and that her condition interfered
15 with major life activities in asserting she had established a *prima facie* case of
16 discrimination. She concluded her motion by requesting that if "some of the elements of her
17 charge are proven but not others, Plaintiff requests judgment from the Court for those
18 allegations for which no genuine issue of material opposition exists." PMSJ, p. 7. The
19 R&R discusses Figueroa's disability status in reference to the issues raised by the parties,
20 but did not address Figueroa's request for summary judgment on independent elements.

21       Gannett argues the objection should be denied because Figueroa has not made a
22 specific objection to the R&R. However, the Court finds Figueroa is objecting to the failure
23 of the R&R to address Figueroa's request and this qualifies as a "'*specific* written objections
24 to the proposed findings and recommendations.'" *Elliot v. Hacker-Agnew*, No.
25 CV-18-03208-PHX-DJH, 2020 WL 4501344, at *2 (D. Ariz. Aug. 5, 2020).

26       However, the Court finds a genuine dispute exists as to factual issues of whether
27 Figueroa was disabled and unable to perform a major life activity. The evidence and
28 testimony offered by Figueroa indicates that she and her physician stated she could not

- 4 -

work. "It is a 'rather common-sense idea ... that if one is not able to be at work, one cannot be a qualified individual.'" *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012), *quoting Waggoner v. Olin Corp.*, 169 F.3d 481, 482 (7th Cir.1999). Although Figueroa has also stated that she was able to return to work, the contradictory statements demonstrate there is a genuine dispute. The Court will overrule this objection and deny the request for attorneys' fees.

B. Figueroa also objects to the magistrate judge's denial of summary judgment as to whether Gannett engaged in the interactive process. However, the evidence demonstrates that Gannett accommodated Figueroa's need for time off and paid Figueroa for "time off in March through mid-May 2017 . . . [and paid] her while she was not covered by STD benefits." R&R, p. 17. Further, Gannett discussed Figueroa's limitations with Figueroa's doctor's office and between Gannett management/administration, to determine whether accommodations could be made. The Court finds a genuine dispute exists as to whether  Gannett engaged in the interactive process and denial of summary judgment is appropriate. The Court will overrule this objection.

VI. *Gannett's Objections to Magistrate Judge's Report and Recommendation* (Doc. 73)

A. Gannett objects to the magistrate judge's determination that Figueroa had sufficiently explained the contradiction between Figueroa's assertions she was disabled for the purposes of Social Security Disability Insurance ("SSDI") and long-term disability ("LTD") and Figueroa's argument that she is a qualified individual with a disability in this litigation.

The magistrate judge stated:

> In response, Plaintiff does not disagree that a conflict exists, but argues that she repeatedly made it clear that she believed herself capable of performing the essential functions of her job. Supporting her contention is her deposition testimony wherein she states that she was not claiming to be totally disabled and "tried going back to work and [TNI] did not allow me to go back to work." She also testified that with the restrictions identified by her doctor, she knew she could perform her job and stated, "I am not saying I'm totally disabled," and that "[i]f they gave me the same job that I know I can do, I would probably take it in a heartbeat." (DSOF, Ex. C, p. 143.) Bolstering these assertions is a statement made in her application for LTD

- 5 -

>benefits submitted to MetLife. There, when asked if she could return to her job if accommodations were made, Plaintiff responded, "I made attempts to return to work on 6/8/17 [and] Restrictions on "Return To Work" form were removed by doctor (upon) Gannett's request." (DSOF, Ex. C (Plaintiff's Deposition), Att. 4 (MetLife Application)).
>
>The question is whether these statements are sufficient to explain away Plaintiff's assertions that she was disabled for purposes of SSDI and LTD benefits. "Cleveland's sufficient-explanation standard is not an exceedingly demanding one." *Smith v. Clark Cty Sch. Dist.*, 727 F.3d at 958. This case presents a very close question, however, because Plaintiff has offered an explanation that a reasonable trier of fact might find sufficient. For this reason, summary judgment in favor of Defendants on this issue is not appropriate. *See, e.g., Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 335 (2nd Cir. 2000) (finding, inter alia, that plaintiff's statement that he was "entitled . . . to long-term disability benefits once he was being denied the opportunity to work" adequately explained the contradiction between his statements to insurer and those made in support of his ADA claim) (emphasis added).

R&R, pp. 12-13.

Gannett points out that an "ADA plaintiff cannot simply ignore the apparent contradiction that arises out of the earlier SSDI total disability claim. Rather, she must proffer a sufficient explanation." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Further, Gannett asserts no reasonable trier of fact could determine that Figueroa is a qualified individual with a disability, and it would be inequitable to allow Figueroa to take an inconsistent position. Figueroa repeatedly stated she could not work and agreed with physicians that she was unable to work. Gannett asserts to accept Figueroa's assertion that she was able to work in support of the claims in this case over the opinion of Figueroa's doctors, Social Security doctors, and insurance carrier doctors, the Court would, in essence, overrule *Cleveland*.

Gannett also argues that it would be inequitable to permit Figueroa to take an inconsistent position now because she has already profited from her representations. Specifically, Figueroa is receiving long term disability benefits and SSDI benefits. *See Rancourt v. OneAZ Credit Union*, No. CV-17-00194-PHX-JJT, 2018 WL 3926491, at *3 (D. Ariz. Aug. 16, 2018) ("Defendant may not sustain a suit against his employer for discrimination by averring he is able, or qualified, to work and at the same time receive disability benefits by averring he is disabled and unable to work."); *EEOC v. Winslow Mem'l Hosp., Inc.*, No. CV 04-2060 PCT-DGC, 2006 WL 1663488, at *9 (D. Ariz. June 12, 2006)

("Because Ms. Renfro's sworn statement to the SSA is directly contrary to the position she takes in this case, and because Ms. Renfro benefitted from the prior statement by obtaining social security benefits, she will be judicially estopped from pursuing her claims in this Court").

The Court disagrees with Gannett. As stated by the magistrate judge, this is a close call. However, as recognized by the magistrate judge, the Supreme Court has concluded that an employee's application for SSDI benefits would not be an absolute bar to a claim under the ADA." R&R, p. 10, *citing Cleveland*, 526 U.S. at 806. Figueroa's statements meet the non-demanding sufficient-explanation standard, *Smith*, 727 F.3d at 958, sufficiently that a reasonable trier of fact may find Figueroa had a good faith belief in her statements that she could perform the essential functions of the job. In other words, a reasonable trier of fact could find Figueroa's explanation to be sufficient. The Court will overrule this objection.

B.   Gannett objects to the magistrate judge's conclusion that a genuine issue of fact exists as to whether Figueroa suffered an adverse action. The parties present differing factual events regarding Figueroa's separation from Gannett. Although Gannett's evidence is corroborated by multiple Gannett witnesses, this corroboration and the potential bias of the witnesses must be considered with Figueroa's different recollection, which arguably is corroborated by Gannett's failure to document the "resignation" on June 20.

In making this argument, Gannett assumes the truth of its witnesses in asserting Figueroa voluntarily resigned and argues that Figueroa may not create a genuine issue of material fact by relying on her own self-serving statements. Indeed, "a conclusory, self-serving affidavit, *lacking detailed facts and any supporting evidence*, is insufficient to create a genuine issue of material fact." *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015), *quoting F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir.1997). However, Figueroa's evidence is not conclusory but relies on her recollection of the factual events. Moreover, the Court may not assess the credibility of witnesses. *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1082 (9th Cir. 2015). Furthermore, the Court considers that Figueroa's conduct (as described by Figueroa)

1 corroborates her statement. *See e.g., Cedar Creek Oil & Gas Co. v. Fid. Gas Co.*, 249 F.2d 277, 284 (9th Cir. 1957). Figueroa evidenced an intent to return to work on June 8, 2017 (Gannett told Figueroa to remain off work while it considered the medical release). On June 20, 2017, Figueroa informed Gannett that it was recommended she return to work to see if her condition permitted her to continue. On June 21, 2017, Figueroa was on her way to work when she was informed by Gannett that her employment had been terminated; this evidences Figueroa's belief she should could perform the essential functions of the position. While the parties dispute whether Figueroa was returning to work or to simply provide information regarding restrictions, the Court does not assess the credibility of witnesses. In other words, a genuine dispute exists as to whether an adverse action occurred.

The Court will overrule this objection.

C. Gannett argues the magistrate judge erred in finding that a genuine issue of material fact exists concerning whether Gannett's legitimate and non-discriminatory reasons for their actions were pretextual. Gannett asserts the undisputed facts show Gannett believed Figueroa had resigned and that the sincerity, not the accuracy, of the belief is the relevant consideration. Indeed, courts "require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002); *see also Holtzclaw v. Certainteed Corp.*, 795 F. Supp. 2d 996, 1011 (E.D. Cal. 2011). "When an employer holds a good faith belief that a termination is valid, the employer cannot be liable when it is later revealed that the basis for termination was based on a mistake or a misunderstanding." *Kelly v. Boeing Co.*, 400 F. Supp. 3d 1093, 1108 (D. Or. 2019).

However, "evidence of a decisionmaker's mistaken judgment is not dispositive of the question of pretext unless that evidence would permit the factfinder to conclude that the stated nondiscriminatory justification for the adverse employment action was either knowingly false or made in bad faith." *Id.* at 1109. Here, because the parties dispute the facts regarding the alleged "resignation," a reasonable inference *could* be made that Gannett's belief is based on knowingly false information. Summary judgment on this issue

1 is not appropriate and the Court will overrule this objection.

2       D.     Gannett asserts the magistrate judge erred in concluding Figueroa's failure to
3 accommodate claim could not be resolved at summary judgment because a fact-finder could
4 reasonably determine that Gannett's characterization of Figueroa's separation as a
5 resignation amounted to a withdrawal from the interactive process. Gannett points out the
6 interactive process ceased only when it achieved the goal of the interactive process. Gannett
7 asserts it offered a reasonable accommodation, but Figueroa chose to resign instead. Indeed,
8 Gannett asserts it cannot be liable for failure to engage in the interactive process because
9 Figueroa obtained a reasonable accommodation. *Young v. Peralta Cmty. Coll. Dist.*, No.
10 14-CV-05351-JD, 2017 WL 2462171, at *4 (N.D. Cal. June 7, 2017).

11       However, the genuine dispute is, in effect, whether Figueroa rejected the reasonable
12 accommodation. Again, Gannett disregards Figueroa's contradictory evidence. As stated
13 by the magistrate judge, "a fact-finder could reasonably determine that [Gannett's]
14 characterization of the separation as a resignation amounted to a withdrawal from the
15 interactive process." R&R, p. 17. The Court will overrule this objection.

16       Accordingly, IT IS ORDERED:

17       1.     Figueroa's Motion to Supplement Plaintiff's Statement of Facts in Opposition
18 to Defendant's MSJ and Plaintiff's Reply to Opposition to Plaintiff's MSJ (Doc. 74) is
19 DENIED.

20       2.     Figueroa's Motion to Strike (Doc. 75) is DENIED.

21       3.     Gannett's Motion for Summary Judgment (Doc. 45) is GRANTED IN PART
22 AND DENIED IN PART.

23       4.     Figueroa's Motion for Summary Judgment (Doc. 48) is DENIED.

24       5.     Figueroa's Objections to Magistrate's Report and Recommendation (Doc. 71)
25 are OVERRULED.

26       6.     Gannett's Objections to Magistrate Judge's Report and Recommendation
27 (Doc. 73) are OVERRULED.

28       7.     The parties shall submit a Joint Proposed Pretrial Statement/Order on or before

January 22, 2021.

DATED this 9th day of December, 2020.

_____
Cindy K. Jorgenson
United States District Judge