**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalie Figueroa, | No. CV-19-00022-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| Gannett Co. Inc., et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Natalie Figueroa's Request for Jury Trial, (Doc. 30). For the reasons that follow, Plaintiff's Request for Jury Trial is hereby GRANTED.

BACKGROUND AND PROCEDURAL HISTORY

Figueroa filed her complaint in the Pima County Superior Court on November 6, 2018, alleging wrongful termination of employment and discrimination under the ADA. (Doc. 1-3 at 13-16) The Complaint did not include a request for a jury trial. (*Id.*) In fact, both the civil cover sheet, (Doc. 1-1), and the supplemental cover sheet (Doc. 1-2), noted this lack of a request for a jury trial.

Defendants removed the action to this Court on January 14, 2019. (Doc. 1) Defendants claim, and Figueroa does not deny, that at the time of the removal, the Complaint and Summons constituted all filings served upon Defendants. (*Id.* at 2) Defendants filed their Answer to Figueroa's Complaint on January 15, 2019. (Doc. 6)

Plaintiff's counsel mentioned an intent to request a jury trial in the Joint Case Management Report on April 23, 2019. (Doc. 22 at 11) Figueroa then filed her Request

for Jury Trial on December 12, 2019.  (Doc. 30)  Defendants filed their Response in Opposition to Plaintiff's Request for Jury Trial.  (Doc. 88)  An opposition, (Doc. 90), and sur-reply in opposition, (Doc. 100), were also filed.

ANALYSIS

Figueroa did not waive her right to a jury trial.  In federal courts, a party must serve her request for a jury trial on the other parties within 14 days "after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1).  The federal rules define pleadings as "a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer." Fed. R. Civ. P. 7.  "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

But, in removed actions, there are exceptions to this rule.  *See* Fed. R. Civ. P. 81(c)(3).  Important to this case, "[a] party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal" and, alternatively, "if the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." Fed. R. Civ. P. 81(c)(3)(A).  Indeed, "the court must so order at a party's request and may so order on its own." *Id.*  "Courts indulge every reasonable presumption against waiver" while also insisting "the jury demand be sufficiently clear to alert a careful reader that a jury trial is requested on an issue." *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1064 (9th Cir. 2005).

The pertinent Arizona rule changed on January 1, 2019, which fell between when Figueroa filed the Complaint, November 6, 2018, and Defendants filed for removal on January 14, 2019. The version of Ariz. R. Civ. P. 38 in effect on the date of Figueroa's filing her Complaint required an express jury trial demand for non-medical malpractice actions saying, in part, in non-medical malpractice actions:

> a party may obtain a jury trial by filing and serving a written demand at any time after the action is commended, but no later than the date on which the court sets the trial date or 10 days after the date a Joint Report and Proposed

Scheduling Order under Rule 16(c) are filed, whichever occurs first. 1 ARIZONA RULES OF COURT, 103 (Thompson Reuters, 2017). "[A] party waives a jury trial unless its demand is properly filed and served." *Id.*

However, the amended rule, which went into effect on January 1, 2019, before the case's removal does not require an express demand. The rule says, in part, "[t]he right of trial by jury is preserved to the parties inviolate. On any issue triable of right by a jury, a party need not file a written demand or take any other action in order to preserve its right to trial by jury." Ariz. R. Civ. P. 38(a).

In a case that was removed from Arizona state court to federal court in 2017, another Arizona district court held a plaintiff "failed to make a timely jury trial demand" because "when the action was filed in 2017, the Arizona Rules required an express demand." *See Ramos v. Wells Fargo Home Mortg.*, No. CV-17-00316-PHX-GMS, 2019 WL 2717095, at \*5, n. 1 (D. Ariz. June 28, 2019). "The latest amendments to Arizona Rule 38 do not resurrect a jury trial right that was waived more than two years ago." *Id.*

Figueroa clearly did not meet the 14-day deadline in Federal Rule 38, serving her Request for Jury Trial on Defendants on December 12, 2019, (Doc. 30), almost a year after Defendants filed their answer on January 15, 2019, (Doc. 6). However, indulging the "every reasonable presumption against waiver" this Court finds the Fed. R. Civ. P. 81(c)(3)(A) exception applies.

Had Defendants removed the action before the rule change, this case would be similar to *Ramos*. However, in reviewing Federal Rule 81(c)(3)(A), the Court finds the date of removal to be determinative rather than the date of the action being filed. No party should be required to play by federal rules before arriving in federal court. Thirteen days before Figueroa's case arrived in federal court, the Arizona rule changed and did not require an "express demand." Had she stayed in state court, Figueroa could have filed her jury trial request up until the earliest date between the date of setting a trial date or 10 days after a Joint Report and Proposed Scheduling order. Ariz. R. Civ. P. 38 (eff. in 2018). This puts her in a significantly different position than the *Ramos* plaintiff, who waived her right

1   to a jury trial "two years" before the court order.

2       Additionally, the Court, whether on its own or by motion, never ordered the parties
3   to make the request by a specified time.  Defendants declined to submit this motion between
4   Figueroa's notification that she would request a jury trial in the Joint Case Management
5   Report on April 23, 2019, (Doc. 22), and Figueroa's very clear request on December 12,
6   2019, (Doc. 30).  Therefore, despite Figueroa's Request for Jury Trial arriving more than
7   a year after the action was filed in state court and close to a year after the case's removal
8   to this Court, the request is timely under Fed. R. Civ. P. 81(c)(3)(A).

10       Accordingly, IT IS ORDERED Plaintiff's Request for a Jury Trial (Doc. 30) is
11   GRANTED.

12       Dated this 27th day of April, 2021.

*[signature]*
Honorable Cindy K. Jorgenson
United States District Judge