1    **WO**

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7              FOR THE DISTRICT OF ARIZONA

8

| | | |
|---|---|---|
| Natalie Figueroa, | ) | |
| 9      Plaintiff, | ) ) | No. CIV 19-022-TUC-CKJ |
| 10 vs. | ) ) | |
| 11 | ) | ORDER |
| Gannett Company Incorporated, et al., | ) | |
| 12      Defendants. | ) ) | |
| 13 | ) | |

14        On July 27, 2021, the Court heard argument on and ruled on pending motions in

15 limine.  However, Defendants' Motion in Limine No. 2:  To Exclude Plaintiff's Hearsay

16 Testimony Regarding Purported Communication Between Her Doctor's Office and

17 Defendants' Representatives (Doc. 95) and Defendants' Motion in Limine No. 3: To

18 Exclude Testimony from Gannett's Legal Counsel (Doc. 96) remain pending.  Upon further

19 review of these motions, the Court finds it appropriate to resolve these motions without

20 scheduling additional argument.  *See* LRCiv 7.2(f); 27A Fed.Proc., L. Ed. § 62:361 (March

21 2021) ("A district court generally is not required to hold a hearing or oral argument before

22 ruling on a motion.").

23

24 *Defendant's Motion in Limine #2: Exclude Plaintiff's Testimony of Purported*
*Communication Between Her Doctor's Office and Defendants' Representatives*

25

26        Defendants assert Plaintiff's testimony about communications between her doctor's

27 office and defendants' representatives concerning Plaintiff's work responsibilities is

28 "indisputably" inadmissible hearsay under Fed.R.Evid. 801.

1    Hearsay is a "statement that . . . the declarant does not make while testifying at the

2 current trial or hearing [and] offered in evidence to prove the truth of the matter asserted in

3 the statement." Fed.R.Evid. 801.  Generally, hearsay is not admissible unless it falls within

4 an exception.  Fed.R.Evid. 802; *see also Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1091

5 (9th Cir. 1990) ("[h]earsay is inadmissible in a court of law unless it comes under one of

6 the exceptions").

7    Plaintiff asserts the testimony is not hearsay because it is offered for Plaintiff's

8 "understanding of her own restrictions" or to "explain her actions and her inquiries to

9 Rincon Medical" rather than for the truth of the matter asserted.  Response (Doc. 103, pp.

10 2-3).   There are two potential levels of hearsay at issue here.   First, the statements

11 purportedly made to the doctor's office by Defendants' representatives.  Arguably, these

12 statements are not submitted to prove the truth of the matter asserted, but to explain why the

13 doctor's office removed the medical limitations.  However, as it appears no one is available

14 to testify regarding this conversation, a second level of hearsay arises when that statement

15 was relayed to Plaintiff. Where hearsay has multiple levels, each must fall within an

16 exception for the statement to be properly admitted.  Fed.R.Evid. 805.  Unless an exception

17 applies to each level, the statements are inadmissible.  Fed.R.Evid. 802, 805; *see also* 29

18 Am. Jur. 2d Evidence § 695 (Aug. 2021) ("Hearsay included within hearsay is not excluded

19 under the hearsay rule if each part of the combined statements conforms with an exception

20 to the hearsay rule.").

21    In this case, it appears Defendant's representatives provided a job description to the

22 doctor's office.  Evidence regarding the content of the job description can be presented

23 through either Plaintiff or an employee of Defendants.  However, it could also be provided

24 by someone from the medical office if a document was provided to the medical office.  The

25 actions taken by the medical office after receipt of the job description are not being offered

26 for the truth of the matter asserted, but to explain why the medical office took the actions

27 it did.  There is no hearsay in the presentation of this evidence.

28

1      Additionally, statements made by medical office personnel to Plaintiff are not offered

2  to prove the truth of the matter asserted, but to explain Plaintiff's conduct.  Based on the

3  evidence discussed in this case, Plaintiff's conduct changed because of what she learned

4  from the doctor's office.  Without such testimony, there is no explanation for Plaintiff's

5  conduct.  The Court finds the statements are not hearsay and not subject to preclusion on

6  that basis.

7      As the testimony would not be hearsay, the Court need not decide if it falls within

8  a hearsay exception.  The Court will deny this motion.

9

10 *Defendant's Motion in Limine #3: Exclude testimony from Gannett's Legal Counsel* (Doc.
   96)

11

12      Defendants' seek to preclude Plaintiff from questioning in-house legal counsel,

    Vincent Floyd ("Floyd"), about communications with Defendant employee Lisa Cote
13
    ("Cote") regarding Plaintiff's employment and separation from employment as protected
14
    under attorney-client privilege.  Plaintiff argues, however, that the crime-fraud exception
15
    applies to these otherwise protected communications, because Floyd did not offer only legal
16
    advice, but also directed the actions to improperly solicit from Rincon Medical the deletion
17
    of all clerical work limitations and collaborated the "resignation" pretext.
18
        As determined by the magistrate judge , *see* January 24, 2020 Order (Doc. 37), the
19
    privilege applies in this case.  This Court agrees with that conclusion.  However, a party
20
    may seek to oppose the application of the privilege by showing that "the client was engaged
21
    in or planning a criminal or fraudulent scheme when it sought the advice of counsel to
22
    further the scheme" and "demonstrat[ing] that the attorney-client communications for which
23
    production is sought are 'sufficiently related to' and were made *in furtherance of* the
24
    intended, or present, continuing illegality."  *In re Napster, Inc. Copyright Litigation*, 479
25
    F.3d 1078, 1090 (9th Cir. 2007), *citation omitted*, *abrogated on other grounds*.
26
        However, there must be more than a "mere allegation of wrongdoing" for application
27
    of the crime-fraud exception to the attorney-client privilege.  § 8:6. Elements of
28

1   exception/burden of persuasion — Prima facie standard, 1 Attorney-Client Privilege in the

2   U.S. § 8:6 (Dec. 2020); *see also In re Grand Jury Subpoena*, 273 F. Supp. 3d 296, 302-04

3   (D. Mass. 2017) (the standard "may be met by something less than a more likely than not

4   probability, [but] still requires more than mere speculation or a distant likelihood that the

5   client used the attorney's services to foster a crime or fraud").  To successfully overcome

6   the attorney-client privilege, an opponent must establish a *prima facie* case of abuse of the

7   attorney-client relationship.  *Id*.  The Supreme Court has stated this requires an opponent

8   present "something to give colour to the charge."  *Clark v. United States*, 289 U.S. 1, 15

9   (1933).  Other courts have determined the *prima facie* standard is similar to a probable cause

10  standard.  *See e.g. United States v. Jacobs*, 117 F.3d 82 (2d Cir. 1997), *abrogated on other*

11  *grounds*.

12          In this case, Plaintiff has not presented anything other than inconsistencies and

13  speculation.  As stated by the magistrate judge, if the mere "allegation of pretext in

14  employment cases was sufficient to overcome a defendant's claim of attorney-client

15  privilege, the privilege would rarely apply in such cases."   January 24, 2020 Order (Doc.

16  37, p. 4).  There is nothing in the record to support a finding of fraud or wrongful conduct

17  rather than Cote seeking legal advice from Floyd.  The Court finds a *prima facie* case of

18  abuse of the attorney-client privilege has not been shown.  The Court will grant this motion.

19          Accordingly, IT IS ORDERED:

20          1.      Defendants' Motion in Limine No. 2:   To Exclude Plaintiff's Hearsay

21  Testimony Regarding Purported Communication Between Her Doctor's Office and

22  Defendants' Representatives (Doc. 95) is DENIED.

23          2.      Defendants' Motion in Limine No. 3: To Exclude Testimony from Gannett's

24  Legal Counsel (Doc. 96) is GRANTED.

25          DATED this 10th day of August, 2021.

26

27          _____
                          Cindy K. Jorgenson
28                        United States District Judge

- 4 -