**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Natalie Figueroa, | ) | |
| Plaintiff, | ) | No. CIV 19-022-TUC-CKJ |
| vs. | ) | |
| | ) | ORDER |
| Gannett Company Incorporated, et al., | ) | |
| Defendants. | ) | |

Pending before the Court is the Motion to Preclude Defendant's Inconsistent Positions on Plaintiff's Impairment under ADA and Her Capability to Perform Essential Functions of Her Work and/or Reconsideration of Plaintiff's Motion in Limine # 2 (Doc. 117) filed by Plaintiff Natalie Figueroa ("Figueroa").  Defendants have filed a response (Doc. 119), and Figueroa has filed a reply (Doc. 121).

Figueroa requests this Court bar Defendants from asserting the inconsistent positions that Figueroa did not suffer from any recognized disability and arguing Figueroa was disabled from work.  To the extent this overlaps Figueroa's Motion in Limine # 2, Figueroa requests reconsideration of the Court's ruling on that motion.

Defendants assert the motion is untimely because it was not filed until over six months after the deadline for filing motions in limine.  Indeed, the Court's template for the proposed Joint Pretrial Order states the motions in limine are to be filed with the proposed Joint Pretrial Order.  However, as the Court did not formally set this deadline in an Order, it declines to find the pending motion is untimely.

The parties dispute whether Defendants take inconsistent positions.  As asserted by

1   Defendants, their position changed as the circumstances changed and Defendants received
2   additional information.[1]  This change in positions is not inconsistent, but is warranted by the
3   changing circumstances.   This does not present a situation where Defendants gained an
4   advantage by taking one position and now seeks to gain a second advantage by taking a
5   inconsistent position.  *See e.g. United States v. Marshall*, No. 2:10-cr-00236-GMN-PAL,
6   2012 U.S. Dist. LEXIS 189091, *11-12 (D. Nev. Dec. 12, 2012), *citing Helfand v. Gerson*,
7   105 F.3d 530, 534 (9th Cir. 1997) (judicial estoppel doctrine "prohibits a party from gaining
8   an advantage by taking one position and then seeking a second advantage by taking a
9   different position that is incompatible with the first").

10        Figueroa "asserts a manifest error would occur by allowing Defendants to use the
11   Rincon Medical release to contest disability and at the same time, to deny the release proves
12   capability to perform essential functions."  Reply (Doc. 121, p. 3).  However, this does not
13   recognize that, as time passed and circumstances changed, Defendants' position changed.
14   Plaintiff has not succeeded in persuading the Court that accepting Defendants' earlier
15   position results in a perception the Court has been misled.  Similarly, the Court does not
16   agree that the change in Defendants' positions give Defendants an unfair advantage or
17   impose an unfair determinant to Figueroa.  *See Vaughman v. Walt Disney World Co.*, 685
18   F.3d 1131, 1132 (9th Cir. 2012) (discussing factors to consider in determining whether to
19   impose judicial estoppel).  The Court finds denial of the Motion to Preclude Defendant's
20   Inconsistent Positions is appropriate.

21        Lastly, to the extent Figueroa seeks reconsideration of the Court's ruling on her
22   Motion in Limine #2, the Court finds reconsideration is inappropriate.  *See Harsco Corp.*

23   _____

24        [1]Defendants had believed Figueroa could return to work as outlined in the note from
25   the doctor. Subsequently, Defendants learned Figueroa purportedly made representations to
     Metlife and the Social Security Administration that she was disabled and/or unable to work;
26   Defendants also learned Figueroa's Social Security Disability Insurance claim was approved
27   and the Social Security Administration had determined Figueroa was disabled.

28                                          - 2 -

*v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.") ; *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998) (motion for reconsideration is not to ask the court "to rethink what the court had already thought through—rightly or wrongly[;]" claims the court was in error on the issues should generally be directed to appellate court), *citations omitted*.

Accordingly, IT IS ORDERED the Motion to Preclude Defendant's Inconsistent Positions on Plaintiff's Impairment under ADA and Her Capability to Perform Essential Functions of Her Work and/or Reconsideration of Plaintiff's Motion in Limine # 2 (Doc. 117) is DENIED.

DATED this 27th day of October, 2021.


Cindy K. Jorgenson
United States District Judge

- 3 -