1  **WO**

5  IN THE UNITED STATES DISTRICT COURT
6  FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalie Figueroa,           )<br>     Plaintiff,                      )<br>vs.                                    )<br>Gannett Company Incorporated, et al.,  )<br>     Defendants.                 )<br>_____) | No.  CR 19-022-TUC-CKJ<br><br>ORDER |

*Disability Benefits*

On July 27, 2021, this Court issued an order granting in part and denying in part Plaintiff's Motion in Limine # 1 (Doc. 91).  The Court stated it would allow the defense to bring in evidence of the application and any statements made by Plaintiff regarding any disability benefits that she asked for through MetLife and the Social Security Administration ("SSA").  The Court specifically granted the motion in limine and precluded any dollar amounts being mentioned or being used.  The Court advised counsel it would be receptive to giving a limited instruction if requested.  The Court did not rule on whether any decision determining benefits would be admissible.

During the September 9, 2021, hearing, the Court further discussed with counsel the exhibits regarding Social Security Disability Insurances and MetLife applications, determinations, and benefits.  The Court advised counsel she would further consider the issue.

The Court has again reviewed the briefs and arguments of counsel, the November 10, 2021, correspondence from the defense, and relevant case law.   Generally, disability determinations are not admitted when a jury is considering a disability.  Indeed, another

district court has stated:

> That the Social Security Administration determined Howard to be under a disability as that term is defined in the Social Security disability laws adds nothing to the medical records upon which that determination is based. Submitting evidence that Howard receives Social Security disability benefits would create a danger of unfair prejudice that would substantially outweigh any probative value that the evidence might have.

*Howard v. Nucor-Yamato Steel Co.*, No. 3:14CV00202 JLH, 2015 WL 5634526, at *3 (E.D. Ark. Sept. 24, 2015). In this case, however, the defense has proffered a probative reason for allowing such evidence. Specifically, evidence of the receipt of disability benefits may be admissible to show that a plaintiff did not use her best efforts to mitigate her damages. *Molina v. Pocono Med. Ctr.*, No. CV 3:11-2276, 2013 WL 12141421, at *2 (M.D. Pa. Dec. 5, 2013).

However, the case law submitted by the defense in support of this principle addresses the admission of such evidence at the damages phase of a trial. While it is likely the Court will determine the issue of back pay,[1] the jury may have to determine the issue of future pay. Evidence of the receipt of disability benefits may be relevant as to whether Plaintiff had a motive to mitigate her damages. This evidence may confuse the jury or be prejudicial during the liability portion of the trial. However, the parties have not requested a bifurcated proceeding. The Court finds the probative value of evidence that Plaintiff was receiving disability benefits is not substantially outweighed by the danger of confusion of the issues or prejudice. Rather, the fact that Plaintiff received disability benefits alone (i.e., without details of why an award was made) may be presented to the jury for the limited purpose of determining whether Plaintiff mitigated her damages. Additionally, evidence may be presented, e.g., through an expert, that the standards used by MetLife and/or SSA are

---

[1] The defense has submitted a proposed jury instruction that advises the jury the Court will determine any award for back pay. Plaintiff has not advised the Court whether he objects to this instruction. *See* July 27, 2021, MEO ("Objections to the non-agreed upon instructions/verdict forms shall be filed and served upon each party on or before October 22, 2021.").

different from the standard applicable in this case. Alternatively or additionally, the Court is receptive to considering a proposed instruction that directs the jury the standards are different and the jury shall not consider the fact Plaintiff was receiving benefits in determining whether she was disabled, with or without an accommodation, in this case.

*Attorney-Client Privilege*

During the November 9, 2021, hearing, the Court also discussed the attorney-client privilege with counsel. As discussed during the hearing, "[i] t is well-established that a holder of the privilege cannot claim that legal advice from his or her attorney justifies his or her action while simultaneously shielding that advice from disclosure. . . But if the privilege holder merely asserts that his conduct was lawful and makes no claim that he or she relied on counsel's advice, privileged information is not necessarily placed in issue." *Valenzuela v. Union Pac. R.R. Co.*, No. CV-15-01092-PHX-DGC, 2016 WL 7385037, at *4 (D. Ariz. Dec. 21, 2016), *citations omitted*.

Defense counsel pointed out during the hearing that the defense has not argued Defendants relied on advice of counsel and the defense will not question the witnesses about whether they talked to counsel. The Court clarifies to counsel that the failure of the defense to argue Defendant relied upon the advice of counsel does not necessarily end the inquiry. Should a witness testify that he or she relied up counsel's advice or took some action because of a discussion with counsel, the Court may find the privilege is waived. Just because counsel does not now make a legal argument does not affect whether the evidence in the case may show a witness relied upon counsel.

Accordingly, IT IS ORDERED Plaintiff's Motion in Limine # 1 is DENIED as to the fact Plaintiff was receiving disability benefits but is GRANTED as to evidence/documents discussing the reasons why Plaintiff was awarded a disability benefit.

DATED this 11th day of November, 2021.

_____
Cindy K. Jorgenson
United States District Judge