WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalie Figueroa,<br><br>    Plaintiff,<br><br>vs.<br><br>Gannett Company Incorporated, et al.,<br><br>    Defendants. | No. CIV 19-022-TUC-CKJ<br><br>ORDER |

Pending before the Court are the Motion to Estop Defendants From Rescinding Their Admission That Plaintiff Suffers a Physical Impairment Which Substantially Limited One or More Major Life Activities (Doc. 201) filed by Plaintiff Natalie Figueroa ("Figueroa"). Defendants have filed a response (Doc. 204). Also pending before the Court are Defendants' Motion *in Limine* No. 1: To Exclude Testimony, Evidence, and Reference to Gannett's Legal Counsel (Doc. 225), Defendants' Motion *in Limine* No. 2: To Limit Plaintiff's Medical Experts to Opinions Formed During Their Treatment of Plaintiff (Doc. 226), and Plaintiff's Motion in Limine No. 1 (Doc. 231). The deadline to file responses to the Motions in Limine has not passed; those motions, therefore, will be addressed in a separate order.

*Motion to Estop Defendants from Rescinding Their Admission that Plaintiff Suffers a Physical Impairment Which Substantially Limited One or More Major Life Activities* (Doc. 201)

Figueroa requests the Court estop Defendants from rescinding an admission that Figueroa was physically impaired under the Americans with Disabilities Act ("ADA")

during 2017. Figueroa asserts this stipulation/admission was made during discussion regarding jury instructions. A review of the Final Jury Instructions indicates Defendants stipulated that Figueroa had a physical or mental impairment that substantially limited one or more major life activities. *See* Final Jury Instructions (Doc. 172, p. 13). However, Figueroa has not presented this Court with a transcript demonstrating the specific language of any stipulation or admission. Further, the Court recognizes its typical practice is to informally discuss instructions off the record with counsel later being afforded an opportunity to make objections on the record; i.e., there may not be a record of the specific language used by the parties during the relevant discussion. Nonetheless, Defendants do not dispute a stipulation was made, but limit the substance of the stipulation to that stated in the Final Jury Instructions.

*Judicial Estoppel*

"'Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position.'" *Grondal v. United States*, 21 F.4th 1140, 1151 (9th Cir. 2021), *quoting Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Judicial estoppel is "invoked by a court at its discretion" to "protect the integrity of the judicial process." *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001), *internal quotation marks and citations omitted*. Where "a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *Id*. at 749, *internal quotation marks omitted*. The judicial estoppel "doctrine prohibits a party from gaining an advantage by taking one position and then seeking a second advantage by taking a different position that is incompatible with the first." *United States v. Marshall*, No. 2:10-CR-236-GMN-PAL, 2017 WL 3812894, at *2 (D. Nev. Aug. 30, 2017), *citation omitted*.

The Supreme Court has identified three non-exclusive factors that should "inform"

a court's decision to apply judicial estoppel:

> (1) "a party's later position must be 'clearly inconsistent' with its earlier position"; (2) "the party has succeeded in persuading a court to accept that party's earlier position," such that judicial acceptance of an inconsistent position would create the perception that one court was misled; and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 750–51, 121 S.Ct. 1808 (internal quotation marks and citations omitted).

*Bock v. Washington*, — F.4th —, No. 21-35182, 2022 WL 1447017, at *5 (9th Cir. May 9, 2022).

In this case, it cannot be said that Defendants' earlier position is clearly inconsistent with its current position. Rather, if similar evidence is presented at trial, the defense indicates it will again be willing to make the same stipulation. Defendants assert it is consistent that their decision concerning whether to stipulate to the an element of Figueroa's prima facie case is entirely dependent on the presentation of evidence at trial. Additionally, as previously discussed by the Court in its summary judgment and other rulings, a genuine dispute exists as to these issues and Defendants' positions on these issues fairly changed as events occurred. It is reasonable for Defendants to wait until the evidence is presented to determine whether a stipulation is appropriate. If Defendants fail to make such a stipulation, it would not create the perception that the Court was misled; rather, the evidence presented will not have been the same as in the first trial.

Lastly, Defendants would not derive an unfair advantage or impose an unfair detriment on Figueroa if the Court fails to estop Defendants. Rather, Defendants are not seeking an advantage by failing to make the stipulation; they are simply waiting to see what evidence is presented. The Court, in its discretion, declines to invoke the doctrine of judicial estoppel to protect the integrity of the judicial process – the integrity of the judicial process is not threatened by the positions taken by the defense.

*Judicial Admission*

Figueroa requests confirmation of Defendants' admission that Figueroa was

physically impaired under the ADA during 2017.  Figueroa asserts there is no basis to allow Defendants to rescind their admission.

"Under federal law, a judicial admission is a statement by a party that, like a stipulation, conclusively establishes a fact without the need for further proof." *Davis v. Pacificsource Health Plans*, No. CV 19-180-M-DWM, 2020 WL 1812114, at *1 (D. Mont. Apr. 9, 2020), *citation omitted*.  The Ninth Circuit has stated:

> In order to constitute a judicial admission that is binding on both the trial and appellate courts, an attorney's statement must have a fair degree of "formality"; i.e., it must be done in writing or in open court and amount to a real concession of a fact at issue, and not have been made merely as a concession for some unrelated purpose.

*United States v. Novak*, 99 F.3d 1147 (9th Cir. 1996), *citation omitted*.  Courts have discretion to treat factual statements made at oral argument as judicial admissions.  *United States v. Wilmer*, 799 F.2d 495, 502 (9th Cir. 1986).

Defendants argue that, because the mistrial is the equivalent of no trial, there is no admission that can be considered binding.  None of the cases cited to by the defense, however, involved a factual situation like the one in this case.  The Court has found only one case that raises this issue.  However, in an unpublished opinion, that court found it need not address the issue.  *See U.S. ex rel. D'Elegance Mgmt. Ltd. v. Universal Sur. of Am.*, No. 99-2195, 2000 WL 1224164, at *6, n. 15 (4th Cir. Aug. 29, 2000)

However, where a statement is made during an unreported informal status conference, the treatment of the statement may not be appropriate.  *Daul v. PPM Energy, Inc.*, 267 F.R.D. 641, 649 (D. Or. 2010).  Indeed, courts have declined to treat informal statements as judicial admissions.  *In re Twitter, Inc. Sec. Litig.*, No. 16-CV-05314-JST, 2020 WL 5904407, at *2 (N.D. Cal. Oct. 6, 2020); *Lopez v. Liberty Mut. Ins. Co.*, No. 2:14-cv-05576-AB (JCx), 2019 WL 4605706, at *3 (C.D. Cal. July 25, 2019).  Here, Defendants do not dispute that they made the stipulation; however, the specific language of Defendants' statements is not known.

As the statement by Defendants was sufficiently formal to warrant including the stipulation into the Final Jury Instructions, the Court finds it was a formal statement.

However, because the Court is unaware of the specific language used during the discussion, the Court cannot determine the context of the statement. For example, Defendants may have specifically stated that, based on the evidence presented, we are willing to stipulate to certain facts. In these circumstances, the Court declines to exercise its discretion to treat the statement as a judicial admission.

*Request for Attorneys' Fees*

As the Court has found the doctrines of judicial estoppel and judicial admission do not warrant the Court's exercise of jurisdiction to confirm the stipulation/admission of Defendants, the Court declines to award attorneys' fees to Figueroa.

Accordingly, IT IS ORDERED the Motion to Estop Defendants From Rescinding Their Admission That Plaintiff Suffers a Physical Impairment Which Substantially Limited One or More Major Life Activities (Doc. 201) is DENIED.

DATED this 12th day of May, 2022.

_____
Cindy K. Jorgenson
United States District Judge