**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalie Figueroa,<br><br>                Plaintiff,<br><br>vs.<br><br>Gannett Company Incorporated, et al.,<br><br>                Defendants. | No. CIV 19-022-TUC-CKJ<br><br>ORDER |

Pending before the Court are Defendants' Motion to Reduce Jury Award and Punitive Damages Pursuant to 42 U.S.C. § 1981a (Doc. 281) filed by Defendants and Plaintiff's Motion RE Punitive Damage Verdict Pursuant to Order 61622 (Doc. 282) filed by Plaintiff Natalie Figueroa ("Figueroa").  Responses and replies have been filed.

*Relevant Procedural History*

This matter proceeded to a bifurcated retrial before a jury on Figueroa's claims that Defendants wrongfully terminated her employment based on her disability, failed to engage in the interactive process, and failed to provide Figueroa with reasonable accommodations which would have enabled her to perform her job.  Defendants disputed Figueroa's claims and asserted Figueroa had failed to mitigate her damages.

On June 6, 2022, the jury returned verdicts as to the liability phase.  The jury found Figueroa had proven she was a qualified individual with a disability and that her employment was terminated because of her disability.  The jury also found Figueroa had proven that Defendants discriminated against Figueroa by failing to provide a reasonable

1    accommodation.

2         On June 7, 2022, the jury returned verdicts as to the damages phase.  The jury found

3    Figueroa had proven she suffered damages as a result of Defendants' conduct; Figueroa was

4    awarded $0 for front pay damages and $275,000 for compensatory damages.  The jury also

5    found Figueroa was entitled to punitive damages should be awarded and awarded Figueroa

6    $3,700,000 in punitive damages.  The jury also found Defendants had not proven that

7    Figueroa failed to mitigate her damages as to wages.

8         On June 16, 2022, this Court issued an Order addressing the issue of back pay.  The

9    Court found Figueroa was entitled to back pay at an annual rate of $45,026, beginning on

10   June 21, 2017, through May 2019, and awarded $87,455 to Figueroa for back pay.

11

12   *Punitive Damages under the Arizona Civil Rights Act ("ACRA")*

13        Defendants request the Court reduce the compensatory and punitive damages award

14   to a combined total of $300,000 pursuant to the statutory cap set forth in 42 U.S.C. § 1981a.

15   Defendants assert that, despite Figueroa's counsel having acknowledged the statutory cap

16   in open court, Figueroa is refusing to stipulate to the cap.  Figueroa asserts, however, this

17   Court may allow an award of punitive as "other equitable relief" under the ACRA.  A.R.S.

18   §41-1481(g).

19        Specifically, Figueroa cites to Arizona authority allowing punitive damages.  For

20   example, in *Thompson v. Better-Built Aluminum Products Inc.*, 171 Ariz. 550 (Ariz. 1992),

21   *citation omitted*, the Court determined that, in "appropriate circumstances, punitive damages

22   may be recovered in an action for wrongful discharge in violation of public policy, including

23   discharge for filing a worker's compensation claim."  However, the claims at issue in that

24   case regarded a worker's compensation claim and the tort of wrongful discharge.  The

25   *Thompson* court did not address claims under the ACRA or the Americans with Disabilities

26   Act ("ADA").

27        Figueroa recognizes that *Cronin v. Sheldon*, 195 Ariz. 531, 536-37 (1999), found that

28

1    punitive damages were not applicable to the ACRA because the ACRA specifically provides
2    for remedies, of which punitive damages is not included.  However, she relies on *Medasys*
3    *Acquisitions Corp., v. SDMS, PC*, 203 Ariz. 420 (2002), for her assertion that a court may
4    award punitive damage in a purely equitable action.  However, *Medasys* was based on
5    breach of contract and unjust enrichment claims.  Further, in *Medasys*, the Court determined
6    that "an election of equitable remedy need not preclude an award of punitive damages." *Id.*
7    at 424.  In other words, the Arizona Supreme Court recognized a distinction between
8    equitable remedies and punitive damages.

9        Additionally, neither *Medasys* nor any other Arizona case law cited by the parties or
10   reviewed by the Court has determined that punitive damages may awarded under the ACRA.
11   Rather, the most recent Arizona Supreme Court case to address the issue, *Cronin*,
12   specifically stated that the ACRA does not provide for punitive damages. 195 Ariz. at 537.
13   Figueroa's interpretation does not outweigh the clear statements of the state courts.

14       As stated by Figueroa, "'Arizona authorities have long subscribed to the notion that
15   courts must be allowed to provide the relief to which the parties before them are entitled.'"
16   Response (Doc. 290, p.3), quoting Dan B. Dobbs, *Law of Remedies*, § 3-11 (10) (2d ed.
17   1993).  However, under the ACRA and the case law interpreting it, Figueroa is not entitled
18   to punitive damages.  The Court finds Figueroa is not entitled to punitive damages under
19   the ACRA.  Further, because Figueroa's award pursuant to the ACRA is limited to back pay
20   and equitable relief, Figueroa is not entitled to compensatory damages under the ACRA.
21   A.R.S. § 41-1481 (G).

22

23   *Limitation of Damages under the ADA*

24       Figueroa was awarded $275,000.00 in compensatory damages and $3,700,000.00 in
25   punitive damages.  Pursuant to the ADA, "[t]he sum of the amount of compensatory
26   damages awarded under this section for future pecuniary losses, emotional pain, suffering,
27   inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and
28

- 3 -

the amount of punitive damages awarded under this section, shall not exceed . . . "$300,000." 42 U.S.C. §1981a(b)(3).  Therefore, the combined compensatory and punitive damages award is subject to a $300,000 cap.  The Court finds it appropriate to reduce the jury award to $300,000.

*Pre-Judgment Interest*

As the Court previously stated: in its June 26, 2022, Order:

> [G]enerally "the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest."  *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 628 (9th Cir. 2007), *internal quotation marks omitted*.  The Court will use the § 1961 rate effective for the week in which the calculating date corresponds.
>
> The prejudgment interest on the annual salary of $45,026 from June 21, 2017, through June 21, 2018, is calculated at 2.34% for a total of $46,080.  $46,080 plus a 49 week salary of $42,429 from June 21, 2018, through May 31, 2019, is $88,509, which is calculated at 2.28%, for a total of $88,511.  The total with compounded interest at a rate of .17% as of May 31, 2020, is $88,662, the total with compounded interest at a rate of .04% as of May 31, 2021, is $88,697, and the total with compounded interest at a rate of 2.02% as of May 31, 2022, is $90,489.

June 16, 2022, Order (Doc. 277).  Additionally, the $90,489 total with a compounded interest rate of 3.28% from June 1 through the date of judgment is $93,457.04.  The Court will award Figueroa back pay and pre-judgment interest in the amount of $93,457.04.

Accordingly, IT IS ORDERED:

1.      Defendants' Motion to Reduce Jury Award and Punitive Damages Pursuant to 42 U.S.C. § 1981a (Doc. 281) is GRANTED.

2.      Plaintiff's Motion RE Punitive Damage Verdict Pursuant to Order 61622 (Doc. 282) is DENIED.

3.      The statutory cap of $300,000 is applied to the compensatory and punitive damages award and the award of $3,975,000.000 is reduced to $300,000.

4.      A total of $93,457.04 is awarded to Plaintiff for back pay and pre-judgment interest.

1    5.    The Clerk of Court shall enter judgment against Defendants and in favor of

2  Plaintiff for combined compensatory and punitive damages of $300,000, and back pay,

3  along with pre-judgment interest, in the amount of $93,457.04.  The Clerk of Court shall

4  then close its file in this matter.

5         DATED this 16th day of August, 2022.

6

7  _____

8                    Cindy K. Jorgenson
                United States District Judge