**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalie Figueroa,<br><br>    Plaintiff,<br><br>vs.<br><br>Gannett Company Incorporated, et al.,<br><br>    Defendants. | No. CIV 19-022-TUC-CKJ<br><br>ORDER |

Pending before the Court is the Motion for Reconsideration of 3/10/23 Order Disallowing $1800 Expert Fee from Dan Meyers as Additional Non-taxable Cost; and Clarification of Post-Judgment Interest Arising from Original 8/17/22 Judgment (Doc. 316) filed by Plaintiff Natalie Figueroa ("Figueroa"). A response has been filed by Gannett Co. Inc. and TNI Partners, dba Arizona Daily Star (collectively, "Gannett") (Doc. 318).

*Procedural History*

Figueroa was awarded $275,000.00 in compensatory damages and $3,700,000.00 in punitive damages in this case. (Docs. 271-275). Pursuant to 42 U.S.C. §1981a(b)(3), the Court reduced the combined compensatory and punitive damages award to the statutory cap of $300,000 cap. (Doc. 292). Additionally, the Court awarded back pay, along with pre-judgment interest, to Figueroa in the amount of $93,457.04. (Doc. 292).

On March 10, 2023, this Court awarded Plaintiff attorney's fees in the amount of $411,967.50 and non-taxable costs in the amount of $2659.75. The Court directed the Clerk of Court to enter an amended judgment against Defendants and in favor of Plaintiff for

combined compensatory and punitive damages of $300,000, back pay, along with pre-judgment interest through the date of the original judgment, in the amount of $93,457.04, attorney's fees in the amount of $411,967.50, and non-taxable costs in the amount of $2659.75.

Figueroa filed the pending motion and the Court issued an Order pursuant to LRCiv 7.2(g) permitting Gannett to file a response. March 22, 2023 Order (Doc. 317). Gannett has filed a response. (Doc. 318).

*Witness Fee for Dan Meyers*

Figueroa asserts the Court's Order stated Figueroa did not provide documentation for the claimed $1800 expert witness fee for the appearance of Dan Meyers and did not allow the claim. However, Figueroa points out that she provided documentation for the claim. Motion, Ex. 1 (Doc. 316-1). Because the amount is recoverable under 42 U.S.C. § 2000e-5(k), Figueroa requests this non-taxable cost be awarded.

Gannett argues that expert fees are subject to the statutory cap. *See* 18 U.S.C. § 1920. However, the Ninth Circuit Court of Appeals has stated:

> In the Civil Rights Act of 1991 (the Act), however, Congress rejected the notion that successful litigants should not be granted expert fees in Title VII suits. It amended § 2000e–5(k) to provide explicitly for the award of a "reasonable attorney's fee (including expert fees) as part of the costs . . ."

*Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *opinion vacated in part on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993), *citation omitted*. The Court finds the expert fee award relating to Mr. Meyers is not limited by 18 U.S.C. § 1920.

However, "[t]he court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable." *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, No. CIV. 09-00181 LEK-KS, 2015 WL 881577, at *14 (D. Haw. Feb. 27, 2015), *citation omitted*. As pointed out by Gannett, Mr. Meyers testified in the first trial, which did not result in a verdict, but did not testify in the second trial. As Figueroa did not present Mr. Meyers as a witness in the second trial, it

appears the costs incurred by Figueroa as to Mr. Meyers were avoidable. The Court declines to reconsider its determination that Figueroa is not entitled to an award of expert fees as to Mr. Meyers.

*Post-Judgment Interest*

Figueroa requests the March 10, 2023, Amended Judgment include interest accrued between the issuance of the original August 17, 2022, Judgment and the Amended Judgment. Gannett does not object to this request. The Court will grant this request. Pursuant to LRCiv 58.1(b) and 28 U.S.C. § 1961(a) and (b), interest shall accrue on the awards included in the original Judgment from the date of the original Judgment, August 17, 2022, through the date of the entry of the Amended Judgment at the federal annually compounded rate of 3.12 percent.

The August 17, 2022, Judgment awarded Figueroa $300,000 for compensatory and punitive damages and $93,457.04 for back pay and pre-judgment interest. At an annually compounded rate of 3.12%, Figueroa is entitled to $7,074 in accrued interest through the entry of the Amended Judgment.

Accordingly, IT IS ORDERED:

1. The Motion for Reconsideration of 3/10/23 Order Disallowing $1800 Expert Fee from Dan Meyers as Additional Non-taxable Cost; and Clarification of Post-Judgment Interest Arising from Original 8/17/22 Judgment (Doc. 316) Defendants' Motion to Reduce Jury Award and Punitive Damages Pursuant to 42 U.S.C. § 1981a (Doc. 281) is GRANTED IN PART AN DENIED IN PART.

2. Figueroa's request for an award of additional costs related to witness Dan Meyers is DENIED.

3. Figueroa's request for an award of interest on the original judgment through the Amended Judgment is GRANTED.

4. The August 17, 2022, Judgment for $393,457.04 is amended to include $7,074 pre-Amended Judgment interest.

5. The Court confirms the award of attorney's fees in the amount of $411,967.50 and non-taxable costs in the amount of $2659.75.

6. The Clerk of Court shall enter an Amended Judgment *nunc pro tunc* effective March 10, 2023, against Defendants and in favor of Plaintiff for (1) combined compensatory and punitive damages of $300,000, (2) back pay, along with pre-judgment interest through the date of the original judgment, in the amount of $93,457.04, (3) post-original Judgment interest through March 10, 2023, in the amount of $7,074, (4) attorney's fees in the amount of $411,967.50, and (5) non-taxable costs in the amount of $2659.75.

DATED this 24th day of April, 2023.

_____
Cindy K. Jorgenson
United States District Judge